# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

PAMELA SNOWDEN,

    Plaintiff,

v.                                         Civil Case No.: 18-1849-JKB

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

    Defendant.

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-referenced case has been referred to me for review of the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). [ECF No. 4]. I have reviewed the Motion to Dismiss filed by the Social Security Administration ("SSA") [ECF No. 9]. Plaintiff Pamela Snowden, who appears *pro se*, has not filed an Opposition.[1] I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons set forth below, I recommend that the SSA's motion be granted and the complaint be dismissed.

## I. FACTS

On November 30, 2015, Ms. Snowden filed for Supplemental Security Income benefits. [ECF No. 9-2 ¶ 3(a)]. Her application was denied initially and upon reconsideration. [ECF No. 9-2 Exs. 1, 2]. Ms. Snowden filed a request for a hearing. [ECF No. 9-2 Ex. 3]. The SSA mailed a Notice of Hearing to Ms. Snowden and her attorney, which reminded Ms. Snowden that failure

---

[1] On September 5, 2018, the Clerk's Office mailed a Rule 12/56 letter to Ms. Snowden to explain the potential consequences of failing to respond to the Commissioner's Motion to Dismiss. [ECF No. 10]. Ms. Snowden did not file a response.

to appear at the scheduled hearing on October 5, 2017 without good cause could result in dismissal of her request for hearing. [ECF No. 9-2 Ex. 4]. The Notice of Hearing also asked Ms. Snowden to return an enclosed Acknowledgement of Receipt, which she signed, dated, and returned by mail, after checking a box stating that she would be present at the time and place shown on the Notice. [ECF No. 9-2 Ex. 5]. The SSA sent Ms. Snowden and her attorney a reminder of the hearing date and time on September 22, 2017. [ECF No. 9-2 Ex. 6].

Ms. Snowden and her attorney failed to appear at the hearing. On October 11, 2017, the SSA mailed Ms. Snowden a Request to Show Cause for Failure to Appear. [ECF No. 9-2 Ex. 7] After Ms. Snowden failed to respond to the notice within ten days as required, the ALJ issued an order of dismissal on November 1, 2017. [ECF No. 9-2 Ex. 8]. Six days later, on November 7, 2017, Ms. Snowden requested review of the ALJ's order of dismissal, citing her inability to read the letters from the SSA as her reason for missing the hearing. [ECF No. 9-2 Ex. 9]. The Appeals Council denied the request for review on April 20, 2018. [ECF No. 9-2 Ex. 10]. Ms. Snowden filed the instant action on June 21, 2018. [ECF No. 1].

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). While the plaintiff bears the burden of proving that a court has jurisdiction over the claim or controversy at issue, a Rule 12(b)(1) motion should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Trentacosta v. Frontier Pac. Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987)). In a motion to dismiss for lack of subject matter jurisdiction, the pleadings should be regarded as "mere evidence on the issue," and courts may

"consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Trentacosta*, 813 F.2d at 1558).

### III. ANALYSIS

The SSA argues that this Court lacks jurisdiction over Ms. Snowden's appeal because she failed to exhaust her administrative remedies and is not appealing from a final decision. D. Mot. 1. Under sections 205(g) and 205(h) of the Social Security Act, an individual may only obtain judicial review of the Commissioner's "final" decision after a hearing before the SSA. 42 U.S.C. §§ 405(g)(h). Because there is no formula for determining whether a decision is final, the meaning of that term is left to the SSA to define by regulation. *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975). Section 405(g) of the Social Security Act provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action." 42 U.S.C. § 405(g). In Ms. Snowden's case, no hearing was ever held. The ALJ dismissed Ms. Snowden's hearing request pursuant to 20 C.F.R. § 416.1457(b), because she failed to appear for her hearing and did not timely show good cause for missing the hearing. [ECF No. 9-2 Ex. 8].

Regarding a similar issue, the Fourth Circuit has held that an Appeals Council's dismissal of an untimely request for review did not constitute a final decision, because the claimant did not exhaust her administrative remedies in failing to properly request review of her case. *Adams v. Heckler*, 799 F.2d 131, 133 (4th Cir. 1986). The Fourth Circuit reasoned that "[s]uch action does not address the merits of the claim, and thus cannot be considered appealable." *Id.* (quoting *Smith v. Heckler*, 761 F.2d 516, 518 (8th Cir. 1985)). Moreover, in a case comparable to the instant one, the Fifth Circuit held that a federal court does not have jurisdiction over the appeal

3

of an Appeals Council's decision to uphold an ALJ's dismissal of a request for a hearing, where dismissal occurred due to the claimant's failure to appear. *Brandyburg v. Sullivan*, 959 F.2d 555, 558–59 (5th Cir. 1992). The Fifth Circuit reasoned that "dismissal on procedural grounds at the administrative stage . . . deprives the district court of jurisdiction under section 405(g)." *Id.* at 562; *see also Estate of Lego v. Leavitt*, 244 F. App'x 227, 232 (10th Cir. 2007) (recognizing that "district courts lack jurisdiction to review an ALJ's procedural dismissal under § 416.1457"); *Doe v. Sec. Health & Human Servs.*, 744 F.2d 3, 4-5 (1st Cir. 1984) (reasoning that the agency's dismissal of a hearing request was not "the type of final decision Congress intended routinely to subject to judicial review").[2] I concur with the reasoning in those decisions. Because Ms. Snowden's appeal was dismissed on procedural grounds due to her failure to appear at her hearing without timely showing good cause, she failed to exhaust her administrative remedies, and, therefore, this Court lacks jurisdiction to hear her appeal.[3]

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Court GRANT Defendant's Motion to Dismiss, [ECF No. 9] and order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

---

[2] Other district courts have held specifically that federal courts have no jurisdiction when an ALJ dismisses a claim without a hearing. *Nelson v. Barnhart*, No. Civ.A. 03-842-A, 2003 WL 24122717, at *2 (E.D. Va. Dec. 19, 2003).

[3] The requirement of exhaustion may only be excused in special circumstances, such as where a plaintiff raises a challenge wholly collateral to her claim for benefits. *Heckler v. Ringer,* 466 U.S. 602, 618 (1984) (citing *Mathews v. Eldridge*, 424 U.S. 319, 330-32 (1976)). No such assertion is presented here.

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated: October 2, 2018                                          /s/

                                                               Stephanie A. Gallagher
                                                               United States Magistrate Judge